UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY HAYNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:20-cv-0086-GCS |
| ) | |
| JOHN BALDWIN, ) | |
| JACQUELINE LASHBROOK, ) | |
| FRANK LAWRENCE, ) | |
| JAMES CLAYCOMB, and ) | |
| ALEX JONES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On January 22, 2020, Plaintiff Gregory Haynes filed suit against Defendants John Baldwin, Jacqueline Lashbrook, Frank Lawrence, and James Claycomb for interfering with the exercise of his religion while he was incarcerated at Menard Correctional Center. The Court added Defendant Alex Jones to this action for purposes of implementing injunctive relief, should any be ordered.[1]

Pursuant to the Court's threshold review of Plaintiff's complaint, he is proceeding on five claims:

**Count 1:** James Claycomb and Jacqueline Lashbrook denied Plaintiff religious services in violation of the First Amendment and RLUIPA;

---

[1] Jones is no longer the warden at Menard. Pursuant to Federal Rule of Civil Procedure 25(d), his successor, Anthony Wills, is substituted automatically as a party. The Clerk of Court shall substitute Anthony Wills for Alex Jones on the docket sheet.

> **Count 2:** James Claycomb and Frank Lawrence denied Plaintiff a Halal diet in violation of the First Amendment and RLUIPA;
>
> **Count 3:** James Claycomb retaliated against Plaintiff in violation of the First Amendment in response to Plaintiff's grievances about religious services;
>
> **Count 4:** John Baldwin, Jacqueline Lashbrook, and Frank Lawrence created policies and practices that burdened Plaintiff's practice of religion in violation of the First Amendment and RLUIPA; and
>
> **Count 5:** State law negligence claim against James Claycomb, Jacqueline Lashbrook, and Frank Lawrence.

On July 15, 2020, Defendants moved for a more definite statement, arguing that Haynes's complaint lacks dates of when their allegedly unconstitutional conduct occurred. (Doc. 20). Haynes did not respond to their motion.

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement as to a pleading to which a response is needed "but which is so vague and ambiguous that the party cannot reasonably prepare a response." The motion for more definite statement "must point out the defects complained of and the details desired." FED. R. CIV. PROC. 12(e).

Rule 8 requires a federal complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and allegations that are "simple, concise, and direct." FED. R. CIV. PROC. 8(a)(2) and 8(d). The primary purpose of Rule 8 is to provide defendants with fair notice of the claims against them. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Complaints need not be over-detailed; federal courts are based on a system of simplified notice pleading which relies on liberal discovery rules

and summary judgment motions to define disputed issues and to dispose of unmeritorious claims. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 574-575 (2007)(noting that pleadings do not function to *prove* the case; the complaint should put the defendant on notice of the nature of the claim against him and the relief sought).

Where a complaint is confusing, a more definite statement is appropriate before the defendant interposes a responsive pleading. *See, e.g., Fidelity Nat. Title Ins. Co of New York v. Intercounty Nat. Title*, 412 F.3d 745, 749 (7th Cir. 2005)(acknowledging the fact that a complaint that is confusing is "not ordinarily a fatal defect;" rather, Rule 12(e) can be used to obtain an intelligible complaint). Alternatively, courts can direct a plaintiff to amend the complaint. *See generally Davis v. Ruby Foods*, 269 F.3d 818, 820 (7th Cir. 2001); *Stanard*, 658 F.3d at 801.

In his complaint, Plaintiff alleges that he has been in the custody of the Illinois Department of Corrections since January 2015 and that he was at Stateville Correctional Center for an unknown period of time for intake before being transferred to the segregation unit at Menard Correctional Center the following year. He alleges that he first learned of the lack of a Halal menu across IDOC facilities in January 2015.

Beyond these general allegations, few of Plaintiff's claims are rooted to a specific date or to a time period. Defendants argue that the absence of dates from the complaint makes it impossible for them to respond properly to Plaintiff's complaint. The Court agrees.

While the Court could order Plaintiff to file an amended complaint, the operative complaint is detailed and easy to follow. The only readily identifiable roadblock preventing Defendants from answering or otherwise responding is that Haynes' allegations are not rooted to specific dates or time periods. As such, Defendants' motion for more definite statement is **GRANTED**, and Plaintiff is **DIRECTED** to file a more definite statement.

On or before August 31, 2020, Plaintiff shall file a brief statement providing the timeframe for each of his claims. That is, for Count 1, he shall provide either specific dates or the months and years during which Defendants Claycomb and Lashbrook, specifically, denied him access to religious services at Menard. For Count 2, Plaintiff shall specify when Defendants Claycomb and Lawrence first denied him a Halal diet and when, if ever, the alleged conduct stopped. As to Count 3, Plaintiff must provide information about when he requested a Kosher diet and when Claycomb subjected him to the written litmus test. As to Count 4, Plaintiff shall provide the date he became aware of the policies and practices that burdened his religious practice and when, if ever, the policies and practices ended.

Plaintiff need not reallege each paragraph from his complaint. Rather, he is directed to supplement the information already provided with information about when he believes each constitutional violation took place. Failure to provide this information in a timely fashion may result in dismissal of one or more of the counts identified in the Court's threshold order for failure to state a claim.

**IT IS SO ORDERED.**

Dated: August 10, 2020.

Digitally signed by Judge Sison
Date: 2020.08.10 10:24:22 -05'00'

_____
GILBERT C. SISON
United States Magistrate Judge